# IN THE COURT OF APPEALS OF IOWA

No. 19-1344
Filed October 7, 2020

**MICHAEL EUGENE HORLAS,**
  Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
  Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, John Telleen, Judge.


Michael Eugene Horlas appeals the denial of his application for postconviction relief. **AFFIRMED.**


Lauren M. Phelps, Hudson, Florida, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.


Considered by Bower, C.J., and May and Ahlers, JJ.

**BOWER, Chief Judge.**

Michael Eugene Horlas suffers from a mental illness. He is serving a life sentence for the murder of his father and appeals the denial of his application for postconviction relief (PCR). Horlas argues his sentence of life imprisonment amounts to cruel and unusual punishment in violation of the Eight Amendment to the United States Constitution and Article I, section 17 of the Iowa Constitution. We affirm.

On December 18, 2000, Horlas was living with his elderly parents. After running an errand with his mother, he arrived back home, lost control, beat his father, and injured his mother when she tried to stop the attack. Horlas's father initially refused hospitalization after the police arrived but later died from his injuries at a hospital. An autopsy indicated the cause of death was a subdural hematoma from multiple blunt force blows to his head. Horlas was charged with first-degree murder, willful injury, domestic assault with injury, and obstruction of emergency communication. He gave notice of defenses of insanity and diminished responsibility. A jury found Horlas guilty on all counts. The willful injury conviction merged into the murder conviction. Horlas was sentenced to life imprisonment. Horlas appealed, challenging the sufficiency of the evidence, and this court affirmed the judgment and sentence entered by the district court. *State v. Horlas*, No. 01-1764, 2002 WL 31757451, at *4 (Iowa Ct. App. Dec.11, 2002).

Horlas's first application for PCR was denied, and this court affirmed. *See Horlas v. State*, No. 13-0966, 2014 WL 3511805, at *1–2 (Iowa Ct. App. July 16, 2014).

Horlas filed the present PCR application on November 9, 2017. His appointed counsel later filed an amended application arguing that Horlas's life sentence violates the prohibition on cruel and unusual punishment under the Eighth Amendment of the United States Constitution and Article I, section 17 of the Iowa Constitution. He argued the holding in *Atkins v. Virginia*—finding it unconstitutional to impose the death penalty on intellectually disabled defendants—should be extended and applied to Horlas's life sentence. 536 U.S. 304, 318–20 (2002).

In analyzing Horlas's claims, the district court heard testimony that Horlas refuses to take medication for his diagnosed mental illness. He is not housed with the general population and instead resides in the special-needs unit where he receives regular mental-health care and counseling. He can participate in activities of daily living such as holding a job in prison and engaging in recreational activities.

On August 12, 2019, the district court filed its order denying Horlas's PCR application. Based upon the evidence presented, including Horlas's testimony at the postconviction hearing, the district court stated there was no doubt that Horlas suffers from a mental illness. The district court, however, could not conclude that a sentence of life imprisonment for murdering one's father is unconscionably excessive or grossly disproportionate to the seriousness of the crime. The court further found that a sentence of life imprisonment is not cruel and unusual based on the character of the offender being a person with obvious mental illness.

On appeal, Horlas appears to make a categorical challenge that a life sentence for his class of offenders is cruel and unusual. He proposes extending the line of cases under the Iowa Constitution that prohibit categorical restrictions

on mandatory juvenile sentences to intellectually-disabled adults. *See State v. Lyle*, 854 N.W.2d 378; 398 (Iowa 2014) (holding mandatory minimum sentences of any length for juvenile offenders is cruel and unusual); *State v. Null*, 836 N.W.2d 41, 72 (Iowa 2013) (prohibiting sentencing juvenile offenders to a term-of-years sentence that is the practical equivalent to life without parole).  Horlas states it is unclear why Iowa's appellate courts have failed to address the problem of sentencing the mentally ill and intellectually disabled, especially since Iowa has a process designed by the legislature for dealing with individuals who still pose a danger to the community after the conclusion of their sentence.  *See* Iowa Code chapter 229A (2017) (concerning civil commitment of sexually-violent predators).

The State counters that Horlas did not make a record of the nature and degree of his mental illness.  Moreover, there were no medical records, expert testimony, or psychiatric or mental-capacity test results presented to the district court.  The State further asserts that juvenile sentencing cases do not apply to adult defendants with an intellectual disability.  *See, e.g.*, *Lyle*, 854 N.W2d at 403 (stating "our holding has no application to sentencing laws affecting adult offenders").  The State next argues there is no national consensus against mandatory prison sentences for the sane but mentally ill, and a life sentence for these offenders still serves important societal interests.

Horlas maintains that Iowa is not making sufficient efforts to deal with the mentally ill in its prisons.  Even assuming this is true, the claim should be presented to the legislature where such policy decisions are addressed.  We find no Iowa case law that supports Horlas's argument to extend the holding of *Atkins*.  *See State v. Tuecke*, No. 15-0617, 2016 WL 1681524, at *8 (Iowa Ct. App. Apr. 27,

2016) ("[L]ower courts faced with *Atkins*-based challenges by intellectually-disabled individuals have found *Atkins* only applies to those offenders with death penalty sentences."). We affirm the district court's well-reasoned denial of the PCR application.

**AFFIRMED.**